UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY & THOMAS LLC, an Illinois limited liability company, | ) ) ) | CASE NO. 1:06-cv-01813 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge _____ |
| VIRAL GENETICS, INC., a Delaware corporation, and HAIG KELEDJIAN, an individual and citizen of California, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| VIRAL GENETICS, INC., | ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| TIMOTHY & THOMAS LLC, TIMOTHY WRIGHT, THOMAS LITTLE and JOHN and JANE DOES 1 through 10, | ) ) ) ) | |
| Counterclaim Defendants. | ) | |

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Timothy W. Wright, III, in his individual capacity and as successor in interest to Plaintiff Timothy & Thomas, LLC, by and through counsel, hereby moves this Court to enforce the settlement agreement reached in this matter. In support of this motion, Mr. Wright states as follows:

1. On April 3, 2006, Timothy & Thomas, LLC, ("T&T") of which Mr. Wright was a principal, initiated this lawsuit against Defendants Viral Genetics, Inc. ("VGI") and Haig Keledjian, as a result of a dispute arising out of a distribution management agreement that had been signed among the parties hereto.

2. On or about June 22, 2006, VGI filed counterclaims against T&T and Mr. Wright, amongst others.

1

3. After several years of litigation, the parties reached an agreement to settle the case. The settlement was memorialized in a Settlement Agreement dated October 29, 2010, which was signed by all parties.[1]

4. Section 15 of the Settlement Agreement provided that this Court would retain jurisdiction to enforce the Settlement Agreement.[2]

5. Under the terms of the Settlement Agreement, the parties released each other from all claims, and VGI was to pay T&T One Million Nine Hundred Thousand Dollars ($1,900,000.00), on a schedule set forth in Schedule A to the Settlement Agreement.

6. The payments were to be made in cash or stock, as set forth in a Convertible Debenture that was attached to the Settlement Agreement as Schedule B.

7. On January 3, 2011, the parties entered a Stipulation of Dismissal in this matter, referencing the Settlement Agreement. Dkt #208.

8. Initially after the Settlement Agreement was signed and the case was dismissed, there were some stock transactions to pay down the Debenture, but they stopped because of the restrictions on the stock and the inability to sell the stock.[3]

9. On or about November 27, 2012, VGI changed its name to VG Life Sciences, Inc. ("VGLS").[4]

10. On or about December 28, 2012, the Convertible Debenture was amended to change the timing of the payments.[5]

11. VGI made a few payments via stock transactions after the Amendment was signed, but fell well short of satisfying the Debenture amount.[6]

12. On or about November 10, 2016 T&T was dissolved, and Mr. Wright became the successor

---

[1] Declaration of Timothy W. Wright, at ¶2 and Exhibit A, filed concurrently herewith.
[2] Wright Decl. at Exhibit A.
[3] Wright Decl. at ¶3.
[4] Wright Decl. at ¶4
[5] Wright Decl. at ¶4 and Exhibit B.
[6] Wright Decl. at ¶5.

in interest to the VGI debt.[7]

13. In or about November of 2020, Mr. Wright was approached by representatives of VGLS and Top Knot, Inc. with an offer to purchase Mr. Wright's interest in the debt owed by VGI. At the time, the parties agreed that the balance owed by VGI was Seven Hundred Seventy Four Thousand Seven Hundred and Twenty Nine Dollars ($774,739.00).[8]

14. On or about December 15, 2020, The parties entered into an assignment agreement under which Top Knot would pay Mr. Wright $300,000 in cash for the assignment of the debt over a ten month period (the "Assignment Agreement").[9] VGI signed the Assignment Agreement and expressly acknowledged the amount it owed to Mr. Wright.[10]

15. Top Knot did not perform under the assignment agreement, and never made any payments towards the $300,000 purchase price.[11] As such, Mr. Wright is still the owner of the debt owed by VGI pursuant to the Settlement Agreement.

16. This Court has the jurisdiction to enforce the Settlement Agreement under the reservation of jurisdiction agreed to by the parties in Section 15 of the Settlement Agreement.

17. Furthermore, it is well-settled that a trial court retains the inherent or equitable power to enforce the Settlement Agreement summarily. *See e.g. Wilson v. Wilson*, 43 F.3d 660 (7th Cir. 1995), and *Hyde Park Union Church v. Curry*, 942 F.Supp. 360 (N.D. Ill. 1996).

18. Because VGI has failed to pay the amounts due under the Settlement Agreement, this Court should enter an order enforcing the agreement, and granting Mr. Wright judgment in the amount of Seven Hundred Seventy Four Thousand Seven Hundred and Twenty Nine Dollars ($774,739.00), plus interest.

---

[7] Wright Decl. at ¶6.
[8] Wright Decl. at ¶7.
[9] Wright Decl. at ¶8 and Exhibit C.
[10] Wright Decl. at ¶9 and Exhibit C.
[11] Wright Decl. at ¶10.

3

Dated: May 13, 2021                    Respectfully submitted,

                                             s/ Christopher L. Muzzo
                                             Christopher L. Muzzo (Ohio Bar # 68759)
                                             THE FURNIER MUZZO GROUP
                                             P.O. Box 54231
                                             Cincinnati, Ohio 45454
                                             (513) 708-4633
                                             cmuzzo@furnierlaw.com

                                             *Counsel for movant Timothy W. Wright, III*

## CERTIFICATE OF SERVICE

I hereby certify that on this May 13, 2021, a copy of the foregoing document was electronically filed through the Court's CM/ECF system with notice of case activity automatically generated and sent electronically to all parties. In addition, a copy of the foregoing was served via First-Class U.S. Mail on the following attorney for VGLS:

Mark E. Pena, Esquire
4230 South MacDill Ave., Suite I
Tampa, FL 33611

                                             Respectfully submitted,

                                             s/ Christopher L. Muzzo