IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY & THOMAS LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 06 CV 1813 |
| v. | ) | |
| | ) | Magistrate Judge Jeffrey I. Cummings |
| **VIRAL GENETICS, INC. and** | ) | |
| **HAIG KELEDJIAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

This matter has been reassigned to this Court from retired Magistrate Judge Mason's calendar for resolution of plaintiff's motion to enforce settlement agreement (Dckt. #211). For the reasons that follow, plaintiff's motion to enforce is denied for lack of jurisdiction.

Plaintiff Timothy & Thomas LLC brought this breach of contract action against defendants Viral Genetics, Inc. and Haig Keledjian back in 2006. After several years of litigation, the parties reached a settlement agreement in 2010, whereby defendants agreed to pay $1.9 million. Under the terms of the agreement, the parties agreed to file a stipulation to dismiss with prejudice within 30 days of the execution of the agreement. (Dckt. #212-1 at 3.) Section 15 of the agreement further provided as follows:

> **Consent to Jurisdiction.** The parties hereby consent that any action or proceeding relating to this Settlement Agreement may be commenced and maintained in the United States District Court, Northern District of Illinois, Eastern Division, before the honorable Judge Michael T. Mason, or, if Judge Mason is unavailable, to another Judge as assigned in the United States District Court, Northern District of Illinois, Eastern Division.

(*Id*. at 4.)

On January 3, 2011, pursuant to the terms of the agreement, the parties filed their joint stipulation to dismiss (Dckt. #208), which reiterated the language of the "Consent to

Jurisdiction" provision but stipulated to the dismissal of the case "in its entirety with prejudice." That same day, Magistrate Judge Mason entered the following minute order:

> MINUTE entry before Honorable Michael T. Mason: Counsel having filed their Joint Stipulation of Dismissal, all pending deadlines and hearings before this Court are hereby stricken. Civil case terminated.

(Dckt. #209). Now, over ten years later, plaintiff has filed a motion to enforce the settlement agreement for the remaining amount due.[1] Plaintiff maintains that the Court has jurisdiction to enforce the agreement under the "reservation of jurisdiction agreed to *by the parties* in Section 15" and the Court's "inherent or equitable power" to do so summarily. (Dckt. #211 at 3) (emphasis added). Respectfully, the Court disagrees.

Under well-established Seventh Circuit precedent, "a district court's original jurisdiction to entertain a lawsuit does not carry over to one party's later claim that the other has breached their settlement of that suit." *Balshe LLC v. Ross*, 441 Fed.Appx. 395, 396 (7th Cir. 2011) (citing *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994)). Thus, "when a suit is dismissed with prejudice*,* it is gone, and the district court cannot adjudicate disputes arising out of the settlement that led to the dismissal merely by stating that it is retaining jurisdiction." *Dupuy v. McEwen,* 495 F.3d 807, 809 (7th Cir. 2007). Indeed, "jurisdiction to enforce a settlement agreement may be explicitly retained by the district court only if: 1) the action is dismissed without prejudice; or 2) a consent decree incorporating the terms of the settlement agreement is entered." *Natkin v. Winfrey*, No. 1:99-CV-05367, 2015 WL 8484511, at *2 (N.D.Ill. Dec. 8, 2015).

---

[1] According to the motion, in December 2020, plaintiff, defendants, and a third-party named Top Knot entered an agreement whereby Top Knot would pay plaintiff $300,000 in exchange for the assignment of defendants' debt. Top Knot apparently did not perform under the assignment agreement, so plaintiff asserts that he is still the owner of the defendants' debt and seeks enforcement of the original settlement agreement.

2

Neither of these steps to retain jurisdiction were taken here. Instead, the parties themselves expressly stipulated to a dismissal *with prejudice* and, pursuant to that stipulation, Judge Mason terminated the case. Although Judge Mason's minute order terminating the case did not state "dismissal with prejudice" as embodied in the parties' joint stipulation, the order expressly referenced the stipulation, terminated the case, and did not state any intent by the Court to retain jurisdiction or to otherwise terminate the case *without* prejudice.[2] Further, the Court did not incorporate the terms of the agreement into an enforceable consent decree.

Accordingly, the Court lacks jurisdiction over the motion to enforce and the parties' attempt to confer jurisdiction by consent in the terms of the settlement agreement and stipulation to dismiss is no cure. *See, e.g., N. Am. Specialty Ins. Co. v. Abden Corp.*, No. 416CV04064SLDJEH, 2016 WL 6902108, at *2 (C.D.Ill. Nov. 23, 2016) ("[F]ederal courts have limited jurisdiction and cannot enforce settlement agreements after a case has been dismissed just because the parties agree to it."). This is not to say that plaintiff has no recourse to enforce the agreement, but that recourse must come in the way of a new breach of contract action in federal court based on diversity jurisdiction (if diversity jurisdiction still exists) or otherwise through a breach of contract action filed in state court. *See Balshe*, 441 Fed.Appx. at 396 ("[A]ny claim relating to nonperformance of the settlement agreement must be brought as a breach-of-contract action.").

---

[2] Indeed, Judge Mason's order terminating the case was simply a formality because "a stipulation of dismissal that meets the requirements of Rule 41(a)(1)(A)(ii) effectively dismisses the case upon filing without further order of the court." *Wilson v. Allen Cty. Bd. of Commissioners*, No. 1:15-CV-402-TLS-SLC, 2020 WL 1550820, at *1 (N.D.Ind. Mar. 31, 2020) (citing *Jenkins v. Vill. of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007)). Such a stipulation is without prejudice unless – as here – the parties expressly state otherwise. Fed.R.Civ.P. 41(a)(1)(B).

## CONCLUSION

For these reasons, plaintiff's motion to enforce (Dckt. #211) is denied for lack of jurisdiction.

**ENTERED:   July 1, 2021**

**Jeffrey I. Cummings**
**United States Magistrate Judge**